RYAN-ROBINSON COMMISSION COMPANY, Appellant, v. SWIFT & COMPANY, Respondent.

**Kansas City Court of Appeals, June 3, 1901.**

Trial and Appellate Practice: STRIKING OUT AMENDED PETITION: DISMISSAL FOR NON-PROSECUTION: BILL OF EXCEPTIONS. Plaintiff filed an amended petition which was stricken out. When the case was called for trial, plaintiff failed to appear, and it was dismissed for failure to prosecute. Thereupon plaintiff filed motion to set aside the dismissal; this motion was overruled and plaintiff excepted; there was no bill of exceptions filed. *Held*, there is nothing for the appellate court to review, since nothing is preserved by bill of exceptions, and the record does not show that plaintiff declined to plead further when the amended petition was stricken out.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*John M. Cleary* and *Hutchings & Keplinger* for appellant.

(1) "A multitude of authorities declare the salutary rule, that statutes of amendment are remedial and must be construed and applied liberally in favor of the privilege of amending." 1 Enc. Pl. and Prac., p. 57; Pomeroy v. Brown, 19 Mo. 302; Dozier v. Jerman, 30 Mo. 216; Goddard v. Williamson, 72 Mo. 131; Hixon v. Selders, 46 Mo. App. 275. (2) "There are two tests by which to determine whether a

second petition is an amendment or the substitution of a new cause of action: (a) Whether the same evidence will support both petitions. (b) Whether the same measure of damages will apply to both. If these questions are answerable in the affirmative, it is an amendment." Liese v. Meyer, 143 Mo. 547, 556; Scoville v. Glasner, 79 Mo. 449; Lumpkin v. Collier, 69 Mo. 170; Crosby v. Bank, 107 Mo. 442.

*Frank Hagerman* and *Willard P. Hall* for respondent.

(1) The order striking out the second amended petition was not appealable. Welch v. Calhoun, 22 Neb. 167; Daniels v. Tibbets, 16 Neb. 666; Artman v. Mfg. Co., 16 Neb. 572; Nichols, Shepard & Co. v. Hail, 5 Neb. 194; Cleland v. Walbridge, 78 Cal. 358; Pearce v. McClanahan, 50 Mo. 267. (2) The appeal was not taken from the action of the court striking out the second amended petition, but was taken from the action of the court dismissing the case for plaintiff's failure to prosecute the same. No error is complained of in this action of the court. (3) The action of the court in striking out the second amended petition is not here for review. There was no exception saved to the ruling of the court. The ruling of the court was not preserved by a bill of exceptions. Wentzville Co. v. Walker, 123 Mo. 662; State v. Winningham, 124 Mo. 423; State v. Gamble, 119 Mo. 427; Brook v. Daggs, 58 Mo. App. 190. The motion to strike out was not saved by a bill of exceptions. 3 Ency. of Pl. and Pr., 400, 401; Ins. Co. v. Knaup, 55 Mo. 154; Smith v. Kansas City, 128 Mo. 23; Waters v. School Dist., 59 Mo. App. 580. The petition stricken out was not preserved by a bill of exceptions. Bank v. Wills, 79 Mo. 275; 3 Ency. of Pl. and Pr., 400, 401. Moreover, the motion for new trial or to set aside the order dismissing the case for failure to prosecute, was not preserved

by a bill of exceptions. Every such motion must be preserved by a bill of exceptions in order to become a part of the record. 2 Pattison's Dig., p. 1302, par. 164.

ELLISON, J.—This action is for the conversion of a lot of cattle. A second amended petition was filed, and on motion of defendant it was stricken out by the trial court. Afterwards, when the cause was called, plaintiff failed to appear and the cause was dismissed for failure to prosecute and judgment rendered for defendant. Afterwards, plaintiff filed a motion to set aside the order dismissing the cause for failure to prosecute. This motion was overruled and plaintiff excepted to the action of the court. The motion, and whatever proceeding was had thereon, whether consisting of evidence by way of excuse, or reason for not appearing to prosecute, are not preserved. Indeed, while exception was taken, no bill of exceptions was asked or allowed. It is necessary in such case, to preserve the rulings complained of by a bill of exceptions. It is clear there is nothing before us for review.

Much has been said here by plaintiff to show error in the court's action in striking out the amended petition. Exceptions were taken to all the court's rulings against plaintiff, but none of them were preserved. But plaintiff's position here is that no exceptions were necessary in the case and that his points of objection appear on the record proper. In answer to this, we will say that plaintiff is not in position here to make such contention. The record shows that his second amended petition was stricken out. It does not show that plaintiff declined to plead further. It does not show why he did not appear and prosecute. His failure thereafter to prosecute is not connected in any way with the court's ruling on his second amended petition. The record only shows that, afterwards, plaintiff failed to appear and prosecute, whether from

sickness, misunderstanding, or disappointment in the ruling on the petition, is not shown.

It is quite apparent that the judgment must be affirmed. All concur.